Wright, J.,
delivered the opinion of the court:
*The plaintiff in error insists that the common pleas erred: 1. In receiving evidence out of the justice’s transcript to show what the cause of action was. 2. In quashing the appeal. We limit our inquiries to the last error assigned. The act of assembly of March 14, 1831, 29 Ohio L. 171, 189, defining the powers .and duties of justices, etc., gives them cognizance of actions for “any sum not exceeding one hundred dollars,” except actions of trespass involving the title to real estate, actions of assault and •battery, malicious prosecution, ejectment, replevin, slander, libel, upon real contracts, and against officers for miseondct in office. The act allows an appeal from the final judgment of the justice, except judgments rendered by confession. 29 Ohio L. 178.
The militia law of 1831 provides, page 36, for the organization of a regimental court of inquiry in each regiment, to be composed of the major and commandants of companies, for the assessment of fines. Section 37 gives to the person aggrieved by the decisions of the court of inquiry a right of appeal to the court of appeals, a military tribunal composed of the field officers of the regiment and the senior captains, or any two of them. When the fine remained unpaid after notice by the paymaster, section 39 requires of the paymaster to lodge the list of fines with a justice, who is to proceed against the delinquent, making the paymaster plaintiff, “ as in other cases of debt,” to judgment and execution for the unpaid fine and costs, unless the delinquent can satisfy said justice that he was not liable to be fined, or that the fine against him ought to have been remitted by the court of appeals.
The counsel for the defendant in error has discussed the several questions raised in this cause with great ingenuity and ability, and insists that the appellative jurisdiction of the court of common pleas from justices’ judgment extends only to civil cases; and he denies their jurisdiction in this ease, because it is not civil; neither arising ex contractu nor ex delicto, but being, in his own language, “peculiarly like nothing else but itself, a militia case.” The general clause, allowing appeals from justices, has been uniformly construed to embrace all cases in form civil, where no express prohibition is interposed to the contrary by the legislature. *404 It has been held to ^include. penal actions, and in Bittle v: Hay, 5 Ohio, 269, was held by this court to embrace a ease brought for a penalty in obstructing a highway. Counsel insist that this construction is unsound, and cites a variety of statutes providing for summary proceedings before justices, where appeals are allowed in express terms, and thence, and from the silence of the-legislature in the militia law, deduces that no appeal was intended in this class of cases. We do not perceive how the allowance of appeals, by express provision in special cases, can be understood' as expressing the intention of the legislature to restrict the usual and fair operation of the general clause allowing appeals.
The action is debt. It is brought upon the judgment of-a military court of competent jurisdiction, to determine the subject.. Debt upon judgments of foreign courts upon penal statutes of foreign countries, have been sustained in our courts, upon the-principle that after judgment the ti-ansaetion no longer retained its penal character. Indiana v. John, 5 Ohio, 219; 1 Ohio, 259. It does not change the situation of the case, that the legislature has allowed the jurisdiction to look behind the proceedings of the court of inquiry. The law holds the decision of the court of inquiry only prima fade evidence. It is not bur province to inquire-why the legislature took from these military tribunals the right of executing their own sentences by the ordinary means of military courts, or omitted to authorize them to issue execution, and to levy and sell as upon executions from the common law courts. Nor is it material to inquire why.it was thought necessary to have a suit and judgment for fines before a justice of the peace, after the decision of a proper military court, or why, after that again, an-appeal should be allowed, and another trial had before the common-pleas. If such are the provisions of the law, and we think so, it is our business to apply them to cases as they arise. We think an appeal in this case within the provisions of the law, and that the-court of common pleas erred in quashing it. For that cause the-order of the common pleas quashing the appeal must be reversed, and the cause remanded, with instructions to reinstate the appeal,, and proceed.